IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM DICKS,                          :    CIVIL ACTION
                                        :    NO. 15-5415
          Petitioner,                   :
                                        :
     v.                                 :
                                        :
PENNSYLVANIA BOARD OF PROBATION         :
AND PAROLE, et al.,                     :
                                        :
          Respondents.                  :
                                        :

**O R D E R**

**AND NOW**, this **8th** day of **June, 2016,** after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (ECF No. 13) and Petitioner having filed no objections thereto, it is hereby **ORDERED** as follows:

(1) The Report and Recommendation ("R&R") is **APPROVED** and **ADOPTED**;[1]

---

[1]     The Court approves and adopts the R&R with one caveat. The R&R cites to Arias v. U.S. Parole Commission, 648 F.2d 196, 199 (3d Cir. 1981), for the rule that a prisoner must exhaust all available administrative remedies before challenging a parole decision in federal court. See R&R 4. Arias concerns a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241. Because the instant case concerns a state prisoner seeking relief under 28 U.S.C. § 2254, the exhaustion standard set forth in Arias is inapplicable. Nonetheless, a state prisoner also may not challenge a parole decision in federal court until he has exhausted all available state remedies, see Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000). The R&R goes on to explain the process, pursuant to Pennsylvania law, for seeking administrative review of decision of the Pennsylvania Board of Probation and Parole and later challenging the Board's final administrative decision in the Pennsylvania courts and correctly

(2) The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE;**

(3) Petitioner's motion to stay the § 2254 proceedings pending exhaustion of his claims (ECF No. 12) is **DENIED;**

(4) A certificate of appealability shall not issue; and

(5) The Clerk shall mark this case **CLOSED.**

**AND IT IS SO ORDERED.**

**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,    J.**

---

concludes that Petitioner has not yet exhausted those processes, given the Board's January 13, 2016 recalculation determination. See R&R at 4-5. Accordingly, Judge Caracappa's citation to Arias had no impact on the R&R's conclusion concerning Petitioner's failure to exhaust, which was correct as a matter of law.

2